# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MARQUETTE, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA, N.A, f/k/a Countrywide Home Loans, Inc., an entity of unknown form; FEDERAL HOME LOAN MORTGAGE CORPORATION S/A-3 DAY ARC-125949, an entity of unknown form; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 13cv2719-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's Complaint filed by all Defendants. (ECF No. 9).

## I.　Background

On November 12, 2013, Plaintiff Scott Marquette initiated this action by filing a Complaint in this Court. (ECF No. 1). On March 3, 2014, Defendants Bank of America, N.A. ("Bank of America"), Federal Home Loan Mortgage Corporation S/A-3 day ARC-125949 ("Freddie Mac"), and Mortgage Electronic Registration Systems, Inc. ("MERS") filed the Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), accompanied by a Request for Judicial Notice. (ECF No. 9). On March 17, 2014, Plaintiff filed an opposition. (ECF No. 11). On March 24, 2014, Defendants filed a reply. (ECF No. 12).

## II. Allegations of the Complaint

On May 24, 2007, Plaintiff entered into two loan transactions to refinance his principal residence located at 2625 Pirineos Way, #228, Carlsbad, California 92009, by signing two promissory notes payable to Mortgage Investors Group, the originating lender. The first promissory note in the amount of $324,000.00 was secured by a first deed of trust against Plaintiff's residence (the "First Loan"). The second promissory note in the amount of $72,000.00 was secured by a second deed of trust against Plaintiff's residence (the "Second Loan"). The funds from the transactions were used to pay off the existing mortgages secured by Plaintiff's residence.

On May 24, 2007, Plaintiff met with a notary public and a mortgage broker at the mortgage broker's office in Encinitas, California. The mortgage broker had Plaintiff sign numerous documents related to the loan transactions at issue. All documents signed by Plaintiff were taken by the mortgage broker, and the mortgage broker then handed Plaintiff another packet of documents and told Plaintiff that the packet contained copies of the documents that Plaintiff had just signed. However, the packet of documents handed to Plaintiff were not exact copies of the documents that Plaintiff had signed, and instead, contained three copies of a Notice of Right To Cancel for each loan with incorrect dates for the "date of the transaction" and blank lines for the date of expiration of the right to cancel.

Shortly after Plaintiff consummated the transactions, servicing for both the First Loan and Second Loan were transferred to Countrywide Home Loans, Inc., which later became known as Bank of America. In 2010, Bank of America identified Freddie Mac as the assignee/owner of the First Loan. Bank of America never identified the assignee/owner of the Second Loan.

On March 28, 2009, Plaintiff mailed a Rescission Notice pursuant to 15 U.S.C. § 1635 and a Qualified Written Request pursuant to 12 U.S.C. §2605 to Countrywide Home Loans, Inc. and Mortgage Investors Group. Bank of America has failed to respond to the Rescission Notice and Qualified Written Request in the manner required

by law.

On March 11, 2010, to allow time for the parties to explore settlement options and negotiations, Plaintiff and Defendants entered into a written Tolling Agreement. On July 23, 2012, Plaintiff received notice from Bank of America that the Second Loan was forgiven "as a result of the Department of Justice and State Attorneys General global settlement with major mortgage services, including Bank of America, N.A." *Id.* ¶ 20. On October 8, 2013, Bank of America and Freddie Mac gave notice of termination of the Tolling Agreement as of November 13, 2013. Plaintiff filed the Complaint on November 12, 2013, prior to the expiration of the Tolling Agreement.

The Complaint asserts three causes of action: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, against Freddie Mac and MERS; (2) violation of the California Rosenthal Act, Cal Civ. Code §§ 1788, *et seq.*, against Bank of America; and (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*, against Bank of America. The Complaint seeks damages, rescission of the First Loan pursuant to TILA, injunctive relief, declaratory relief, and attorney's fees.

**III.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

**IV. Discussion**

    **A.  TILA**

Defendants contend that the TILA claim must be dismissed because the claim is insufficiently pled for the following reasons: the allegations are conclusory; rescission is not available on the loan transactions at issue; the claim fails to allege that Defendants had any involvement in the origination of Plaintiff's loan; and the claim fails to plead detrimental reliance, as required to plead entitlement to TILA damages. Defendants also contend that the TILA rescission claim should be dismissed because Plaintiff does not allege a credible tender of the borrowed funds as required for rescission, and Plaintiff waived his right to rescission under TILA. Defendants request that the TILA claim for rescission and damages be dismissed with prejudice.

Plaintiff contends that the TILA claim is adequately pled; rescission is available for the loan transactions at issue; Plaintiff's obligation to tender has not arisen and the Complaint adequately alleges tender; and state law waiver principles do not apply to Plaintiff's claim for rescission under TILA. Plaintiff requests leave to amend if the TILA claim is dismissed.

The Complaint alleges two counts in support of the first cause of action for violation of TILA against Freddie Mac and MERS. Count one alleges that the First

Loan was subject to Plaintiff's right of rescission, as described by 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23. Count one alleges that Plaintiff did not receive all required material disclosures, which gave Plaintiff a continuing right to rescind the First Loan for up to three years after consummation of the transaction. Count one further alleges that Plaintiff timely exercised his option to rescind the First Loan on March 28, 2009. Count two of the TILA cause of action seeks damages for Freddie Mac's and MERS' alleged failure to comply with TILA's rescission provisions in response to Plaintiff's March 28, 2009 rescission notice.

"TILA and Reg[ulation] Z contain detailed disclosure requirements for consumer loans. A lender's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling." *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 703 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)). "Reg Z makes clear that failure to fill in the expiration date of the rescission form is a violation of the TILA." *Id.* (quotation omitted). The omission of the expiration date, "though a purely technical violation of TILA," entitles the consumer "to rescind the loan agreement for up to three years, without regard to whether the omission was material." *Id.* (citations omitted). However, certain transactions are excluded from the right to rescission, including "a transaction which constitutes a refinancing ... of the principal balance then due ... by the same creditor secured by an interest in the same property." 15 U.S.C. § 1635(e)(2); *see also* 12 C.F.R. § 226.23(f)(2) ("The right to rescind does not apply to ... [a] refinancing ... by the same creditor of an extension of credit already secured by the consumer's principal dwelling.").

The Complaint alleges: "On May 24, 2007, Plaintiff entered into two consumer credit transactions ... to refinance his *principal dwelling/residence* ... by signing two promissory notes payable to Mortgage Investors Group, the *originating lender*." (ECF No. 1 ¶ 10 (emphasis added)). The Complaint fails to allege sufficient facts to show that the right to rescission applies to the loan transactions at issue. *See* 12 C.F.R. § 226.23(f)(2); *cf. Obenchain v. Wells Fargo Bank, N.A.*, No. 2:10-CV-2304-MCE, 2011

WL 775878, at *2 (E.D. Cal. Feb. 28, 2011) ("Regulation Z interprets section 1635 and excludes refinance transactions from rescission under TILA that are 'by the same creditor of an extension of credit already secured by the consumer's principal dwelling.' However, refinance transactions are not excluded to the extent that 'the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation.' As a result, borrowers are entitled to rescind only to the extent that the refinance involves new money.") (quoting 12 C.F.R. § 226.23(f)(2)). The Motion to Dismiss the TILA claim for rescission is granted.

The Complaint's TILA claim for damages is predicated entirely on Freddie Mac's and MERS' "failure ... to comply with the rescission provisions of the TILA and Reg Z." (ECF No. ¶ 35). As discussed above, the Complaint does not adequately allege that the rescission provisions of TILA and Regulation Z apply to the transactions at issue. Even if the Complaint adequately alleged a violation of TILA which might give rise to damages in this case, "in order to receive actual damages for a TILA violation, i.e., an amount awarded to a complainant to compensate for a proven injury or loss, a borrower must establish detrimental reliance." *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) ("Without any evidence in the record to show that Smith would either have secured a better interest rate elsewhere, or foregone the loan completely, her argument must fail—she presents no proof of any detrimental reliance, i.e., any actual damage.") (quotation omitted). The Complaint fails to allege adequate facts to show detrimental reliance on any applicable TILA violation. The Motion to Dismiss the TILA claim for damages is granted.

**B.   RESPA**

Defendants contend that the Complaint fails to adequately allege that his March 28, 2009 Qualified Written Request satisfies the statutory criteria for a qualified written request. Defendants also contend that the Complaint fails to allege actual damages from Bank of America's alleged failure to respond to the March 28, 2009 Qualified Written

Request.  Plaintiff contends that the Complaint adequately alleges a RESPA violation, including that the March 28, 2009 Qualified Written Request satisfied the statutory requirements and that Plaintiff suffered damages in the form of emotional distress.

The Complaint alleges that Bank of America violated RESPA by failing to adequately respond to Plaintiff's March 28, 2009 Qualified Written Request.  "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period."  12 U.S.C. § 2605(e)(1)(A).  Section 2605 specifies the contents of a proper Qualified Written Request and the required response to a borrower's Qualified Written Request.  If a loan servicer fails to comply with the provisions of 12 U.S.C. § 2605, a borrower is entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [12 U.S.C. § 2605]."  12 U.S.C. § 2605(f)(1).

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim."  *Molina v. Wash. Mut. Bank*, No. 09-CV-894, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010).  "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm."  *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 2:09-1916, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) (citation omitted).  A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity.  *See Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. 10-4761, 2011 WL 11506, at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must ... allege a causal relationship between the alleged damages and the RESPA violation.").

The Complaint alleges that Plaintiff suffered "emotional distress." (ECF No. 1 at 26). The Complaint fails to allege facts plausibly suggestive of a causal connection between the alleged RESPA violation and the emotional distress. *See Obot v. Wells Fargo Bank, N.A.*, No. C11-566-HRL, 2011 WL 5243773, at *3 (N.D. Cal. Nov. 2, 2011) ("The Ninth Circuit has not decided whether emotional distress can constitute 'actual damages' for purposes of § 2605(f), and cases are split. But even assuming, without deciding, that plaintiff properly could claim damages for emotional distress under RESPA, the FAC fails to sufficiently allege a causal link here.... A conclusory allegation of emotional distress, without more, is insufficient to state a claim.") (collecting cases). The Motion to Dismiss the RESPA claim is granted.

### C. Supplemental Jurisdiction

The Complaint's remaining cause of action asserts a violation of California's Rosenthal Act. The Complaint does not allege that this Court has diversity jurisdiction; the Complaint alleges that this Court has supplemental jurisdiction over the state law claim. (ECF No. 1 ¶ 2).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Having dismissed the federal claims asserted by Plaintiff against all Defendants, the Court declines to exercise supplemental jurisdiction over the state

law claim pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

**V.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 9). The Complaint is DISMISSED without prejudice. No later than thirty (30) days from the date this Order is filed, Plaintiff may file a motion for leave to amend the Complaint, accompanied by a proposed first amended complaint.

DATED: July 30, 2014

**WILLIAM Q. HAYES**
United States District Judge