# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MARQUETTE,<br><br>                Plaintiff,<br>vs.<br>BANK OF AMERICA, N.A., f/k/a Countrywide Home Loans, Inc., an entity of unknown form; FEDERAL HOME LOAN MORTGAGE CORPORATION S/A-3 DAY ARC-125949, an entity of unknown form; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>                Defendants. | CASE NO. 13cv2719-WQH (JMA)<br><br>Order |

HAYES, Judge:

      The matter before the Court is the Motion for Leave to Amend the Complaint filed by Plaintiff Scott Marquette. (ECF No. 14).

**I. Background**

      On November 12, 2013, Plaintiff Scott Marquette initiated this action by filing a Complaint in this Court. (ECF No. 1). On March 3, 2014, Defendants Bank of America, N.A. ("Bank of America"), Federal Home Loan Mortgage Corporation S/A-3 day ARC-125949 ("Freddie Mac"), and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion to dismiss the Complaint. (ECF No. 9). On July 30, 2014, the Court granted the motion and dismissed the Complaint without prejudice. (ECF No.

13).  The Court granted Plaintiff thirty days to file a motion for leave to amend the complaint.

On August 29, 2014, Plaintiff filed the Motion for Leave to Amend the Complaint. (ECF No. 14). On September 29, 2014, Defendants filed an opposition. (ECF No. 15).

**II. Contentions of the Parties**

Plaintiff contends that Defendants will suffer no prejudice from amendment because this action is in the early stages of litigation, discovery has not commenced, and the proposed first amended complaint contains no new causes of action.  Plaintiff contends that the motion is brought within the time ordered by the Court.  Finally, Plaintiff contends that amendment would not be futile because the proposed first amended complaint alleges additional facts that address the pleading deficiencies identified in the Court's July 30, 2014 Order.

Defendants contend that they will suffer prejudice if amendment is granted because the proposed first amended complaint is based on "identical allegations that cannot support any valid cause of action" and would require Defendants to "be forced to file yet another motion to dismiss." (ECF No. 15 at 26). Defendant argues that there was undue delay in filing the present motion because the proposed first amended complaint does not contain any additional material allegations.  Finally, Defendant contends that amendment would be futile because the single additional factual allegation in the proposed first amended complaint does not cure Plaintiff's previous failure to state a claim.

**III. Discussion**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing

party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, the proposed first amended complaint, and the filings of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. Plaintiff did not unduly delay bringing the present motion. The Court's July 30, 2014 Order stated that Plaintiff had thirty days to file a motion for leave to amend; Plaintiff did so twenty-nine days later on August 29, 2014. At this stage of the proceedings, Defendant would not be prejudiced if Plaintiff were given a second chance to state a claim. The Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

//
//
//
//
//
//
//

**IV.  Conclusion**

    IT IS HEREBY ORDERED that the Motion for Leave to Amend the Complaint is GRANTED.  (ECF No. 14).  Plaintiff shall file the First Amended Complaint, as set forth in Exhibit A of the Motion for Leave to Amend the Complaint (ECF No. 14-1 at 12-43), with **ten (10)** days from the date this Order is filed.  Defendants shall respond to the First Amended Complaint within **fourteen (14)** days from the date the First Amended Complaint is re-filed.  Fed. R. Civ. P. 15(a)(3).

DATED:  October 3, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge